OPINION
On August 1, 1997, David Campbell was indicted for driving under the influence of alcohol. The indictment stated that Campbell had three or more DUI convictions within the past six years, which made the charged offense a fourth degree felony. On October 16, 1997, Campbell entered a plea of guilty to the indictment, and on December 9, 1997, Campbell was sentenced to five years of community control, subject to numerous general and special conditions, including a sixty-day jail sentence in the Miami County Jail. On July 1, 1999, Campbell was charged with violating some of the conditions of his community control sanction, most notably driving under the influence of alcohol on June 26, 1999. On July 19, 1999, Campbell admitted the violations. The trial court revoked the community control sanction and imposed the maximum sentence of eighteen months, with credit given for time served in the Miami County Jail. From this maximum sentence, Campbell has appealed, framing a single assignment of error as follows:
 THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE PURSUANT TO O.R.C. 2929.14(C) WHERE IT DID NOT FIND OR SET FORTH FACTORS SUPPORTING ITS FINDING THAT APPELLANT COMMITTED THE WORST FORM OF THE OFFENSE OR THAT APPELLANT POSED THE GREATEST LIKELIHOOD OF COMMITTING FUTURE CRIMES.
The parties appear to agree that our review of this sentence for a fourth degree felony is governed by R.C. 2953.08(G)(1), which states in pertinent part:
 The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence;
* * *
(d) That the sentence is otherwise contrary to law.
The authority to impose a maximum sentence is found at R.C.2929.14(C). In this case, a maximum sentence was only permissible if Campbell's indicted DUI was one of "the worst forms of the offense" or Campbell "pose(d) the greatest likelihood of committing future crimes." Ibid.
Although Campbell appears to contend that the trial court found both of these criteria to exist, from our review of the record, it appears that the trial court only determined that Campbell posed the greatest likelihood of committing future crimes. Campbell concedes that a maximum sentence may be imposed if the recidivism criterion is met, regardless of whether the offense is one of the "worst forms of the offense." Appellant's Brief, pg. 5. Thus, our inquiry concerns whether there is record support for the trial court's determination that Campbell posed the greatest likelihood of recidivism.
R.C. 2929.19(B) required the trial court to "make a finding that gives its reasons" for imposing the maximum sentence in this case.
Here, the court found Campbell satisfied all of the "recidivism likely" factors stated at R.C. 2929.12(D). Campbell does not take issue with this determination. The trial court also observed that Campbell had not successfully completed the community control sanction. Furthermore, Campbell had just admitted to at least his fifth DUI offense within an approximately eight-year period. Although the trial court did not articulate this as a discrete "recidivism likely" factor, we have no doubt it was one of the trial court's reasons for imposing the maximum sentence. Indeed, the trial court expressly adopted its earlier findings as to recidivism made at the time Campbell received the community control sanction. At that time, the trial court expressly noted Campbell's "failure to respond favorably in the past to sanctions imposed for criminal convictions." See R.C.2929.12(D)(3).
In our judgment, the record supports the determination that Campbell poses the greatest likelihood of committing future crimes, and the trial court had sufficient reasons for so finding, even if they were not fully articulated.
The assignment of error is overruled.
The judgment will be affirmed.
BROGAN, J. and YOUNG, J., concur.